**FROM: The District Court of the 11th Judicial District. County of Flathead.**

**STATE OF MONTANA,**
                    **Plaintiff,**                                  **NO. DC 94-197B/DC 94-201B**
         **vs.**                                                          **DECISION**

**Leonard Lowell Martin,**
                    **Defendant.**

On June 28, 1995, the Court imposed the following sentences: On Count II: Sexual Assault, a felony, twenty (20) years at the Montana State Prison. On Count III: Sexual Intercourse Without Consent, a felony, forty (40) years at the Montana State Prison. On Count IV: Sexual Assault, a felony, twenty (20) years at the Montana State Prison. On Count V: Sexual Intercourse Without Consent, a felony, forty (40) years at the Montana State Prison. On Count VI: Sexual Assault, a felony, twenty (20) years at the Montana State Prison. On Count VII: Deviate Sexual Conduct, a felony, ten (10) years at the Montana State Prison. On Count VIII: Deviate Sexual Conduct, a felony, ten (10) years at the Montana State Prison. These sentences shall run consecutively for a total of one hundred sixty (160) years at the Montana State Prison. Further, under Section 46-18-202(2), the District Court declares that it is absolutely and totally necessary, for the protection of society, that the defendant be ineligible for parole until he has served at least eighty (80) years of his term in the Montana State Prison, and the Court so orders. Under Section 46-18-111, the Court imposes the cost of the sex offender evaluation to the defense, and if the defendant becomes eligible for parole, subjects him to conditions of parole as stated in the June 28, 1995 judgment. The defendant shall be given credit for 172 days served in pre-sentence incarceration as of June 28, 1995. As required by Section 46-18-254, M.C.A., the defendant is hereby advised of his obligation to register as a sexual offender upon his release from custody.

On February 21, 1997, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present via phone conference call from Spur, TX and was represented by attorney Steve Nardi, present via phone conference call from Kalispell, MT. The state was represented by Flathead County Attorney Tom Esch, also present via phone conference call from Kalispell, MT.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 21st day of February, 1997.

DATED this 5th day of March, 1997.

**Chairman, Hon. Wm. Nels Swandal, Member, Hon. Richard G. Phillips
and Alternate Member, Hon. Robert Boyd.**

The Sentence Review Board wishes to thank attorney Steve Nardi for representing Leonard Martin in this matter and also Flathead County Attorney Tom Esch, for representing the State.